FILED 09 JUN '23 16:30 USDC-ORP

Larry L. Bell Sr.
6040 NE Killingsworth Street
Portland, Oregon 97218

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| LARRY L. BELL SR., | ) | Case No. 3:23-CV-847-HZ |
| (Tenant/Occupant) | ) | |
| 6040 NE KILLINGSWORTH ST | ) | **VERIFIED COMPLAINT** |
| PORTLAND, OR 97218 | ) | DISCRIMINATION IN HOUSING |
| | ) | LANDLORD TENANT ACT LAWS |
| Plaintiffs. | ) | VIOLATION FEDERAL HOUSING |
| | ) | AND FAIR HOUSING ACT AND |
| V. | ) | AGE DISCRIMINATION AND |
| | ) | VIOLATION OF PERSONS WITH |
| PROPM MANAGEMENT INC., | ) | DISABILITIES SAFETY ACT |
| YUI ANDY TANG , | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

<u>VERIFIED COMPLAINT</u>

COMES NOW PLAINTIFF Larry L. Bell Sr, in this Court of Record, and files this Civil Complaint of Such regarding a violation of Federal Landlord Tenant Act and unconstitutional eviction thereof and asserts the **following:**

1 - **VERIFIED COMPLAINT**

## JURISDICTION

1. This Court of Record has subject matter jurisdiction pursuant to Article III section 2 of the Constitution for the united States of America 1791;

2. and the object of the litigation is related to bodily injury damages, actual property damages and loss wages in an amount greater than $75,000.

3. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. These claims are so related to the federal claims that they form part of the same case or controversy.

5. The court has personal jurisdiction over the Defendants.

6. Venue is proper because the acts or omissions giving rise to the claim occurred in Multnomah Territory [Portland, Oregon Republic];

7. This action is timely as it is brought within two (2) years of the acts or omissions giving rise to this claim.

8. As a proximate result of Defendant's actions, Plaintiff suffered injury to his business or property;

9. And Such injury was the result of Defendant's illegal activities.

## PARTIES

**Plaintiff**

Plaintiff Larry L. Bell Sr. is the Plaintiff/Tenant, a real person of the Republic.

2 - VERIFIED COMPLAINT

**Defendants**

<u>PROPM MANAGEMENT INC.</u>, is a property management company managing the property located at 6040 NE Killingsworth Street Apartments.

<u>YUI ANDY TANG</u>, is one of the owners of the Apartment located at 6040 NE Killingsworth Street ..

## INTRODUCTION

This case originally came before the Oregon State Multnomah County Circuit Court pursuant to an eviction case No. 22LT18734. However, the counter claims specifically set out the slum lord tactics imposed on this tenant/Plaintiff. After the landlord was exposed to such violation of both State and Federal Landlord Tenant Laws, the PROPM MANAGEMENT AND the apartment owner YUI ANDY TANG having liabilities of over $10,000 in damages to this tenant, they reconsidered their refusal to accept back payments and entered into an agreement to accept back payments of which was paid. However, Plaintiff(s) have refused to rectify or repair those problems. *See* <u>Counterclaims</u> as Exhibit 1, at _____.

In April, 2023 Defendant(s) moved the inferior state Multnomah County court for a hearing pursuant to ORS 105.146 through ORS 105.148 *est seq.*, on Defendants' Motion for MOVE OUT DATE and NOTICE OF RESTITUTION BECAUSE OF NOT COMPLYING WITH COURT-APPROVED AGREEMENT to resolve these pending matters prior to 4:00 pm on May 31, 2023.

3 - VERIFIED COMPLAINT

Defendants filed their Notice of Restitution in bad faith, and with unclean hands. First and foremost, they have failed to and refused to fix the necessary repairs to the leased apartment. Especially, after the defendant/tenant had complied with the stipulated Agreement. However, the Defendants/Landlords have breached their part of the agreement. Thus, violating the tenets of the Landlord Tenant Act, and at the present are in violation of the federally protected right of this defendant/tenant. Plaintiffs have had to suffer age discrimination, slum lord tactics and discrimination based on race, including but not limited to security safety issues at this present time.

### STANDING AND JURISDICTION OF THE STATE COURT

Defendants/Landlords lack standing to impermissibly proceed in this case when an order of Judgment has been entered (Voluntary) "Dismissal with Prejudice," entered in this matter on or about 2/13/2023. Thus, this Court in the herein case lacks personal and subject matter jurisdictions to issue the <u>Notice of Restitution</u> and <u>Deadline to Move Out</u>. And if in fact a Deputy Court Administrator signed such notice and/or Judgment of Restitution it is ***void ab initio***.

In the formal legal world, a court case that is dismissed **with prejudice** means it is dismissed permanently. A case dismissed **with prejudice** is over and done with, once and for all, and cannot be brought back to court.

Plaintiff brings this case even when it was dismissed with prejudice, and for all purposes, they are barred from proceeding in this case because it was dismissed with prejudice. If Defendants are allowed to proceed in the inferior Oregon State Multnomah County Circuit Court, so should the Defendant on his counter-claims. The court would have to decide if they breached the rental agreement as well as the Stipulate agreement. notwithstanding their labeling

it as a Restitution proceeding. *See* Plaintiff's <u>Answer and Affirmative Defenses</u> and <u>Counterclaim,</u> attached hereto, and by this reference incorporated herein.

ORCP 54(2) states in pertinent part:

> (2) Previous claim dismissed with prejudice. *If a party who previously asserted a claim, counterclaim, cross-claim, or third party claim that was dismissed with prejudice subsequently files the same claim, counterclaim, cross-claim, or third party claim against the same party, the court shall enter a judgment dismissing the claim, counterclaim, cross-claim, or third party claim and may enter a judgment requiring the payment of reasonable attorney fees incurred by the party in obtaining the dismissal.* (Emphasis added).

Thus, under Oregon law, after a plaintiff files a notice of voluntary dismissal (either with or without prejudice) under ORCP 54A(1), the defendant generally is the prevailing party pursuant to ORCP 54A(3). *See Attaway, Inc. v. Saffer*, 95 Or. App. 481, 484, 770 P.2d 596, 598 (1989) ("The trial court correctly found that the defendant was the prevailing party under ORCP 54A(3).").

In the case at bar Plaintiff asserted $979.00 in attorney fees. Attorney fees are provided to the prevailing party when, as discussed above, "the defendant generally is the prevailing party. *Supra Attaway,* at 484. Such provisions in an agreement renders it unconscionable, and made under duress. To this date Plaintiffs' have not repaired any of the security safety issues, or leaky faucets, mold contaminates and pest problems.

## BACKGROUND

1. Plaintiff Alleges: that in this case the parties were cautioned by the Judge prior to accepting the Stipulated Agreement, in this matter, regarding the effects of dismissal "with prejudice." It was clearly explained from the bench that if the Plaintiffs were to dismiss this case with prejudice, they would have to bring an entirely new action to enforce the herein "Stipulated Agreement." *See* Court's Audio Record.

5 - VERIFIED COMPLAINT

2. Plaintiff Alleges: Now in bad faith the Plaintiffs' are attempting to initiate the same process they were cautioned they would be precluded from doing. This Restitution preceding is procedurally barred, by law of the case. *See The law of the case doctrine:*

3. Plaintiff Alleges: The "law of the case doctrine" provides that a court's determination of a legal issue **binds** both the trial court and the court on appeal in any subsequent retrial or appeal involving the same case and substantially the same facts. *Also see: res judicata and stare decisis.*

4. Plaintiff Alleges: The purpose of the doctrine is to promote finality and judicial economy by minimizing unnecessary relitigation of legal issues once they have been resolved by the court. Courts have long recognized and explained that the law of the case doctrine precludes relitigation for all issues decided "directly or by implication in a prior decision.

## FACTUAL ALLEGATIONS

5. Plaintiffs alleges that they are tenants with disabilities and may not have understood all the dimantic in the subject property; to this date. And when served with the papers did not understand them to the fullest. However, the Landlord has used slumlord tactics. And having paid all rents and compiled with a Stipulated Agreement of which defendants themselves breached by not repairing any items necessary for properly habitable occupation of the herein unit at issue.

**FAILED TO MAKE MANY REPAIRS THAT BREACHED THE RENTAL AGREEMENT AND SAFETY AND SECURITY OF TENANT AS SUCH IN VIOLATIONS OF FEDERAL LANDLORD TENANT ACT.**

SLUMLORD AND REFUSAL

FAILED TO MAKE REPAIRS

6 - VERIFIED COMPLAINT

PLAINTIFF defendant did not make necessary repairs. [ORS 90.321, 90.360](SEE EXHIBIT… )

6. Plaintiff alleges: On or about March 4, 2019 defendant promised to fix the plaintiffs' necessary repairs.

7. Plaintiff alleges To date Counter-plaintiff's fence has not been repaired.

DISCRIMINATION ALLEGATIONS

8. Counter-defendant is discriminating against Counter-plaintiff due to either race, gender, family situation, religion, physical or mental disability, sexual orientation, or other reason covered by fair housing laws. [ORS 90.390](SEE EXHIBIT…)

9. Plaintiff allege:The demographic street wherein the subject property resides consist of predominantly white middle-class tenants and homeowners.

RETALIATION/PREMEDITATED EVICTION ALLEGATIONS

10. Plaintiff allege: On information and belief, the evidence will prove that the defendant has filed an eviction action in retaliation based on a motive of discrimination towards plaintiff's sexual orientation and/or political association with Native Americans and/or Age and Disabilities and/or retaliation because of filing counterclaims for non-repairs of over $10,000.

11. Plaintiff allege:On information and belief, and the evidence will prove that, defendant has retaliated against Counter-plaintiff by igniting this premeditated eviction because:a) Counter-plaintiff has associated with Native Americans and/or African Americans, whom it is alleged that Counter-defendant possesses a biased and/or discriminatory prejudice towards Native Americans and African Americans; b) jealousy of unknown guests who are Native American and/or African American that have visited at the subject property;

c) Counter-plaintiff made a complaint to the City of Portland regarding the inhabitability of the subject property.

12. PLAINTIFF Larry Bell, one of the People, and in this Court of record complains of SUCH AND SUCH (hereinafter "Counter-defendant) who is summoned to answer the said Counter-plaintiff in a plea of trespass on the case and various other statutory causes of action, to wit:

## FACTS
### LEASE AGREEMENT

1. On January 15, 2018 Counter-plaintiff and Counter-defendant entered into a lease agreement for rental of the subject property.

2. Counter-plaintiff has paid a monthly rent of $1575 for said property from January 15, 2018, to May 5, 2019.

3. mm

### CULLY PLAN OF DISPLACEMENT

4. On numerous occasions, defendant questioned if Plaintiff was Native American, African American

5. On numerous occasions, the defendant would refer to the plaintiff as his associates.

## FAILURE TO MAKE REPAIRS

### NO LOCKS ON WINDOW

6. Plaintiff alleges since moving into the subject property, the defendant has failed to place locks on the windows.

7. Plaintiff has made numerous request for locks to be installed on the windows;

8. Plaintiff alleges to date, Counter-defendant still has not installed locks on the windows.

### NON-WORKING FIRE ALARMS

8 - VERIFIED COMPLAINT

9. From May 5, 2018, to August 12, 2020, Counter-defendant failed to install fire alarms in the subject property;

10. On August 12, 2020, Counter-plaintiff installed her own fire alarms.

### POTENTIAL BLACK MOLD

11. Plaintiff alleges and the evidence will show that black mold has developed in the bathroom of said apartment.

### BROKEN WINDOW

12. Defendants failed to make the necerssry repairs of fixing the front window for sev
13. P
14. P
15. P
16. P
17. P
18. PP
19. P

### UNSANITARY CARPET

20. P
21. P
22. P
23. P
24. P

### FAUCET LEAK

25. P
26. P
27. P
28. P

### RISE OF MOISTURE

29. P
30. P
31. P
32. P
33. P

### DEFECTED HEATING/LACK OF INSULATION

34. P
35. P
36. P
37. P

9 - VERIFIED COMPLAINT

38. P
39. P
40. P
41. P
42. P

### SEALED FIRE PLACE POTENTIAL LEAKING CHEMICAL

43. P
44. P
45. P
46. P
47. P
48. P
49. P
50. P

### POTENTIAL AEBSTOS

51. P
52. P
53. P
54. P
55. P
56. P

### DEFECTED ELECTRICAL WIRING

57. P
58. P
59. P
60. PP
61. P
62. P

### POTENTIAL LONG TERM HEALTH PROBLEMS

63. P
64. P
65. P
66. P
67.

### FRAUDULENT INDUCEMENT

68. Counter-defendant induced Counter-plaintiff enter into a Stipulated agreement after receiving all moneys for back rent refused to may safety and security repairs instead now attempting to evict Plaintiff.

### INCONSISTENCY OF REASON FOR TERMINATION OF TENANCY

69. Counter-defendant has asserted several reasons as to the cause of eviction;

70. Counter-plaintiff demands a more definite statement, along with all pertinent verifiable discovery of said allegations.
71. P
72. P

CRITICAL CONDITION OF HEALTH/POOR HABITATION
73. P
74. P
75. P
76. P

FAILURE TO SECURE PROPERTY
77. P
78. P
79. P
80. P

NO LIGHTS ON PROPRETY
81. P
82. P
83. P

NO LANDSCAPE UPKEEP
84. P
85. P
86. P
87. P

PESTERING ABOUT BACK PAYMENTS DURING COVID EMERGENCY
88. P
89. P
90. P
91. P
92. P
93. P

APPLY DEPOSIT TOWARDS BACK RENT
94. P
95. P
96. P
97. P
98. P

COUNTER-PLAINTIFF IS ENTITLED TO RELOCATION
99. P

11 - VERIFIED COMPLAINT

100. P
101. P
102. P
103. P
104. P
105. P
106. P
107. P

### FIRST CLAIM OF RELIEF
(Trespass on the Case – Against James Lee)

108. Plaintiff realleges and restates the foregoing general factual allegations.

109. By right, the plaintiff reasonably expects to proceed without injury, secure in his capacities. By right, the plaintiff is entitled to a safe, habitable and secure housing environment, free from harassment and/or discrimination.

110. Defendant has a legal duty to use due care and not cause an injury to plaintiff or interfere with said rights in any way.

111. Defendant breached that duty by approximately or legally, directly and indirectly, causing the injuries to plaintiff.

112. The damages claimed are all a result of the injuries.

113. As a proximate result, the plaintiff suffered damages in amount to be proven at trial.

### SECOND CLAIM OF RELIEF
(ORS 90.390 Age Discrimination Violations – Against Larry L. Bell Sr.)

114. Plaintiff realleges and restates the foregoing general factual allegations.

115. On information and belief and the evidence will prove that the defendant did in fact discriminate against the plaintiff due to his association with a protected case animus of Americans.

116. Counter-defendant did discriminate against the plaintiff due to his disabilities and orientation.

117. As a proximate result, Counter-plaintiff suffered damages in amount to be proven at trial.

### THIRD CLAIM OF RELIEF
(Breach of Implied Covenant of Good Faith – Against Larry L. Bell Sr.)

12 - VERIFIED COMPLAINT

118. Counter-plaintiff realleges and restates the foregoing general factual allegations.

119. Counter-plaintiff and Counter-defendant had a lease agreement for rental of the subject property;

120. Said lease had mot expired in 2023;

121. At the expiration of said lease, Counter-defendant promised to renew said lease;

122. To present defendants has not renewed said lease;

123. Defendants instead increased the rents by $110 maintaining an implied month to month agreement with Counter-plaintiff;

124. Defendants made implied covenants to Counter-plaintiff that plaintiff could potentially rent-to-own the subject property;

125. Whereas if plaintiff maintained his annual rents that he could eventually resume in the dwelling by stipulation once that was done, to this day defendants have not made a single repair after acquiring the dismissal with prejudice, none of the property listed repairs were done, and now in bad faith they are attempting to evict plaintiff.

126. Defendant's false promises to plaintiff have breached the implied covenant of good faith and fair dealing.

127. As a proximate result, Counter-plaintiff suffered actual and punitive damages to be determined by a jury.

## FOURTH CLAIM OF RELIEF
(Title 42 U.S.C. 3613 Violations - Against Larry L. Bell Sr.)

128. Plaintiff realleges and restates the foregoing general factual allegations.

129. Defendant did discriminate against Counter-plaintiff's sex in providing a safe and habitable housing environment.

130. As a proximate result, Counter-plaintiff suffered actual and punitive damages to be determined by a jury.

## FIFTH CLAIM OF RELIEF
(Right to Fair Housing Violations - Against Larry L. Bell Sr.)

131. Plaintiff realleges and restates the foregoing general factual allegations.

132. Plaintiff is African American and has a disability from wrongfully serving over 20 years of incarceration in Oregon Prisons.

133. The none repairs and inhibition of use of both bedrooms existed before the conflict arose.

134. Said charging practice for two bedrooms when only one was habitable had increased the price of rent but diminished size or intensity for over 3 years.

135. Said slumlord tactics of non-repairs and purposeful neglect of basic landlord duties was because Defendants held a class animus toward Plaintiff due to said disabilities and stigma of criminal history.

136. As a proximate result, Counter-plaintiff suffered damages in amount to be proven at trial.

## SIXTH CLAIM OF RELIEF
(ORS 9O.321 Violations - Against Larry L. Bell Sr.)

137. Counter-plaintiff realleges and restates the foregoing general factual allegations.

138. Counter-plaintiff failed to make necessary repairs.

139. As a proximate result, Counter-plaintiff suffered damages in amount to be proven at trial.

## SEVENTH CLAIM OF RELIEF
(ORS 9O.360 Violations - Against Larry L. Bell Sr.)

140. Plaintiff realleges and restates the foregoing general factual allegations.

141. Counter-defendant has failed to maintain the premises in an habitable condition.

142. As a proximate result, Counter-plaintiff suffered damages in amount to be proven at trial.

## EIGHTH CLAIM OF RELIEF
(Unjust Enrichment - Against Larry L. Bell Sr.)

143. Plaintiff realleges and restates the foregoing general factual allegations.

144. For two years since the expiration of the lease agreement, Counter-plaintiff proffered $50 dollars extra towards her monthly rent;

145. Said increase in monthly rents allowed the Counter-defendant to unjustly enrich himself at the expense of Counter-plaintiff.

146. Counter-plaintiff demands this court to invoke its equitable declaratory power to disgorge Counter-defendant of said funds held in Counter-defendant's constructive trust.

14 - VERIFIED COMPLAINT

## PRAYER AND RELIEF

147. Plaintiff suffered money damages as a proximate result.

148. Counter-plaintiff demands a jury trial on all counts; and

149. That the court grant Counter-plaintiff to remain in her home;

150. That the court grant Counter-plaintiff two (2) years of paid rent since only one bedroom was inhabitable the expiration of said lease and stipulated agreement;

151. And/or require Counter-defendant to disgorge two (2) years worth of the $10,000 paid in excess rents by the Plaintiff in which Counter-defendant unjustly enriched himself after the expiration of said lease agreement;

152. That the court grant Counter-plaintiff her attorneys fees;

153. That the court grant Counter-plaintiff such other and further relief as the court deems proper;

154. For interest as allowed by law; and

155. For costs of suit incurred.

156. I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

WHEREFORE Larry Bell demands judgment for money damages against Propm Managment Inc and Yui Andy Tang together with such other and further relief as the Court may deem reasonable and just under the circumstances.

RESPECTFULLY SUBMITTED this ___7 th___ June 2023.

_____
Larry L. Bell Sr. Plaintiff
ALL RIGHTS RESERVED, DROIT.


## VERIFICATION

I, __Larry L. Bell Sr.__, verify under oath that:

I have reviewed the counterclaim; I have personal knowledge of the facts contained herein and believe them to be true; The allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents or both.

[State of OREGON]

**15 - VERIFIED COMPLAINT**

County of _____

Signed and sworn to (or affirmed) before me on date) _____, 20_____. by (name(s) of individuals making statement) _____.


_____ Notary Public –

[State of Oregon]

Official Stampon]

Official Stamp